UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:09CV-P138-M

**TIMOTHY KEOWN**                                                                                           **PLAINTIFF**

**v.**

**MORGANTOWN POLICE DEPARTMENT** *et al.*                                          **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Timothy Keown filed a *pro se* complaint *in forma pauperis* pursuant to 42 U.S.C. § 1983.  This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, the Court will dismiss the action.

### I. SUMMARY OF CLAIMS

Plaintiff is a prisoner incarcerated at the Roederer Correctional Complex.  He uses a § 1983 complaint form to initiate this lawsuit.  Plaintiff files suit against the Morgantown Police Department, News Center 13, and Gary S. Logsdon.  Plaintiff states that on December 10, 2007, the Morgantown Police Department "leaked information to a News Center 13 BROADCASTER stating that I murdered someone, cut . . . them into pieces, and I threw them into the lake."  Plaintiff also claims that News Center 13 "showed a picture of a boat dragging the lake then a picture of me walking out of court stating I was the one who murdered the person they were looking for."  Plaintiff states that the judge told the police department to leave him alone because "they were harrassing me constantly asking me questions about the case and smearing my name over the news."  Plaintiff states that after this people that he had known all his life "would not

even open their door for me." He became so depressed that he checked himself into the Western State Hospital mental ward.

Plaintiff further states as follows:

> The Morgantown Police Department knowingly provided News Center 13 with false information about me and slandered my name all over television. News center 13 should have investigated these allegations about me prior to televising this and putting in peoples mind that I was a murderer or even capable of such a thing. Prior to this happening I had a pretty good name in the community. After this incident I was lucky if anyone even spoke to me. . . Gary Logsdon represented me and said he would represent me in a lawsuit against the Morgantown Police Department and news center 13 after I was final sentenced, however, since I was put in jail he no[]longer contacts me meaning he is guilty of conspiring to cover up the defendants actions and trying to make it harder on me to file this CLAIM.

Plaintiff also asserts, "My 8th Amendment rights against cruel and unusual punishment were violated, [and] my 14th amendment right to due process of law were violated." In the portion of the complaint form which asks, "When did these events happen?" Plaintiff states, "December 10, 2007 - May 11th or 12th 2008." As relief, Plaintiff seeks $12,000,000 from each Defendant.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action proceeding *in forma pauperis*, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as

frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty does not require the Court "to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the

district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal-injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). When the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

### A. Morgantown Police Department and News Center 13

Plaintiff states in the complaint that the Morgantown Police Department leaked information to the News Center 13 broadcaster on December 10, 2007. When asked on the complaint form, "When did these events happen?" Plaintiff states December 10, 2007 to May 11 or 12, 2008. Therefore, there is no question that Plaintiff knew of the injury that forms the basis of his complaint on these dates. *See Ruff*, 258 F.3d at 500. Plaintiff filed this action on October 1, 2009.[1] Therefore, Plaintiff filed the complaint almost two years after Plaintiff alleges the actions by Defendants Morgantown Police Department and News Center 13 occurred. Moreover, by the Plaintiff's own statement on the face of the complaint, the latest of the alleged events occurred on May 11 or 12, 2008, more than one year before the complaint was filed. Therefore, the claims against these Defendants are barred by the statute of limitations and will be dismissed for failure to state a claim upon which relief may be granted.

### B. Gary Logsdon

Further, Plaintiff argues that his attorney, Defendant Logsdon, made it "harder for me to file this CLAIM." To the extent that Plaintiff would argue that this should somehow toll the statute of limitations, Plaintiff does not have a right to counsel in a civil case. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). By his own assertion in the complaint, Plaintiff knew about the injuries he alleges as early as December 10, 2007, and as late as May 12, 2008. His claims are therefore barred by the one-year statute of limitations, and the complaint will be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Under the "prison mailbox rule," "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Plaintiff certifies that the original complaint was delivered to the prisoner mail system for mailing on October 1, 2009.

Even if the claim against Defendant Logsdon were not barred by the statute of limitations, however, it is firmly established that a defense attorney is not a state actor for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, Plaintiff fails to state a claim under § 1983 against Defendant Logsdon.

A separate order of dismissal will be entered consistent with this Memorandum Opinion.

Date:

cc:      Plaintiff, *pro se*
4414.010